Mark G. Tratos (Bar No. 1086)
Ronald D. Green Jr. (Bar No. 7360)
Andrew D. Sedlock (Bar No. 9183)
Tyler R. Andrews (Bar No. 9499)
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 500 North
Las Vegas, Nevada 89109
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

Counsel for Plaintiffs
Bellagio, LLC; MGM MIRAGE;
and Mandalay Resort Group

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Bellagio, LLC, a Nevada limited liability company; MGM MIRAGE, a Delaware corporation; and Mandalay Resort Group, a Nevada corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Winston West, an individual,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(1)   Cybersquatting under 15 U.S.C. § 1125(d)<br>(2)   Trademark Infringement under 15 U.S.C. § 1114<br>(3)   Unfair Competition under 15 U.S.C. § 125(a)<br>(4)   Common Law Trademark Infringement<br>(5)   Deceptive Trade Practices under N.R.S. 598.0903, et seq.<br>(6)   Intentional Interference with Prospective Economic Advantage |

For their Complaint against Defendant, Plaintiffs Bellagio LLC, a Nevada limited liability company; MGM MIRAGE, a Delaware corporation; and Mandalay Resort Group, a Nevada corporation, complain and allege as follows:

### NATURE OF ACTION

This is an action for trademark infringement and unfair competition under federal statutes, with pendent claims for common law trademark infringement, state deceptive trade practices, and intentional interference with prospective economic advantage.

1.

COMPLAINT

Plaintiffs seek damages, attorneys' fees, costs, and preliminary and permanent injunctive relief.

## JURISDICTION

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§1331 and 1338(a). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant based upon the following: (a) he operates an active online travel services website on the Internet that is accessible to residents of the State of Nevada; (b) Defendant committed tortuous acts that he knew or should have known would cause injury to Plaintiffs in the State of Nevada.

3. Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 1391(b) and (c). Venue lies in the unofficial Southern Division of this Court.

## PARTIES

4. Plaintiff MGM Mirage is a Delaware corporation that, through its subsidiaries, owns and operates the "MGM Grand," "Mirage," "Mandalay Bay," and "Bellagio" resort hotels and casinos in Las Vegas, Nevada.

5. Plaintiff Bellagio, LLC is a Nevada limited liability company that owns and operates the "Bellagio" resort hotel casino in Las Vegas, Nevada.

6. Plaintiff Mandalay Resort Group is a Nevada corporation that owns and operates the "Mandalay Bay" and "THEHOTEL" resort hotels and casinos in Las Vegas, Nevada.

7. Defendant is an individual who, upon information and belief, resides in Riverside, California.

## ALLEGATIONS COMMON TO ALL COUNTS

8. The "Bellagio," "Mandalay Bay," "THEHOTEL at Mandalay Bay," and the "MGM Grand" are all famous destination resort hotels and casinos located on the world-renowned "Strip" in Las Vegas, Nevada.

2.

COMPLAINT

9. Since its opening in 1993, Plaintiff MGM MIRAGE and its predecessors in interest have continuously used the mark MGM GRAND in connection with advertising and promoting its property in the United States and around the world.

10. Since 2000, MGM MIRAGE has continuously used the mark MGM MIRAGE in connection with advertising and promoting its properties in the United States and around the world.

11. Since its opening in 1998, Plaintiff Bellagio, LLC has continuously used the mark BELLAGIO in connection with advertising and promoting its property in the United States and around the world.

12. Since its opening in 1999, Plaintiff Mandalay Resort Group and its predecessors in interest have continuously used the mark MANDALAY BAY in connection with advertising and promoting its property in the United States and around the world.

13. Since its opening in 2003, Plaintiff Mandalay Resort Group has continuously used the mark THEHOTEL in connection with advertising and promoting its property in the United States and around the world.

14. The BELLAGIO, MANDALAY BAY, MGM GRAND, MGM MIRAGE, and THEHOTEL names and marks are among the most recognized and respected names in the casino resort industry. In fact, the BELLAGIO, MANDALAY BAY, MGM GRAND, MGM MIRAGE, and THEHOTEL names and marks have become famous in the casino resort industry. Each of these world famous resorts and casinos has spent tens of millions of dollars to advertise and promote their trademarks in print, broadcast media, and on the Internet through their various websites, which are accessible throughout the United States and around the world.

15. Plaintiff MGM MIRAGE owns registered domain names incorporating trademarks at issue in this action, including but not limited to: <mgmmirage.com> and <mgmgrand.com>.

16. Plaintiff MGM MIRAGE owns registered domain names on behalf of Plaintiff Bellagio, LLC, incorporating trademarks at issue in this action, including but not limited to:

3.

COMPLAINT

<bellagio.com>, <bellagioresort.com>, and <bellagiolasvegas.com>.

17.  Plaintiff MGM MIRAGE owns registered domain names on behalf of Plaintiff Mandalay Resort Group, incorporating trademarks at issue in this action, including but not limited to: <mandalaybay.com> and <thehotelatmandalaybay.com>.

18.  True and correct copies of the home pages for each Plaintiffs web sites are attached hereto as **Exhibits 1 – 7**, and are incorporated by this reference.  In addition, Plaintiffs have each made extensive use of their marks on, among other things, signage, wearing apparel, souvenirs, and promotional materials.

19.  Plaintiff Bellagio, LLC owns the mark BELLAGIO and variants thereof (the "BELLAGIO Marks"), and has obtained federal mark registrations for the BELLAGIO Marks, including but not limited to:

(a) BELLAGIO for casino services (U.S. Reg. No. 2,232,486);

(b) BELLAGIO for hotel services (U.S. Reg. No. 2,232,487);

(c) BELLAGIO for hotel and casino services (U.S. Reg. No. 2,771,155);

(d) B BELLAGIO (and design) for casino services (U.S. Reg. No. 2,570,928

(e) B BELLAGIO (and design) for hotel services (U.S. Reg. No. 2,514,690).

None of those federal trademark registrations has been abandoned, canceled, or revoked.

20.  Plaintiff MGM MIRAGE owns the marks MGM GRAND and licenses the mark MGM MIRAGE and variants thereof (the "MGM Marks"), and has obtained federal mark registrations and applications for the MGM Marks, including but not limited to:

(a) MGM for casino services (U.S. Reg. No. 2,534,227)

(b) MGM for hotel services (U.S. Reg. No. 1,060,489)

(c) MGM GRAND for hotel services (U.S. Reg. No. 1,060,488)

(d) MGM MIRAGE for casino services (U.S. Ser. No. 76-382321)

(e) MGM MIRAGE for casino services (licensed)(U.S. Reg. No. 2,645,452)

(f) MGM MIRAGE for hotel services (licensed)(U.S. Reg. No. 2,758,014).

21.  Plaintiff MANDALAY RESORT GROUP, INC., owns the marks MANDALAY BAY, THEHOTEL and variants thereof (the "MANDALAY Marks"), and has obtained federal

4.

COMPLAINT

mark registrations including but not limited to:

    (a) MANDALAY BAY for hotel services (U.S. Reg. No. 2,275,015)

    (b) MANDALAY BAY for casino services (U.S. Reg. No. 2,275,016)

    (c) MANDALAY BAY for wearing apparel (U.S. Reg. No. 2,280,040)

22. Based upon federal trademark registrations, common law trademark protection, and extensive use, Plaintiffs own the exclusive right to use BELLAGIO, MGM MIRAGE, MGM GRAND, MANDALAY BAY, and THEHOTEL marks in connection with hotel, casino and related services.

23. The uniqueness and the extensive advertising and promotion of the "Bellagio," "MGM Grand," "Mandalay Bay," and "THEHOTEL" have resulted in the Plaintiffs' names and marks being distinctive and famous for resort hotel casino services.

24. On or about May 31, 2005, Defendant registered the <thebellagioresort.com>, <mgmmiragehotels.com>, <thehotelasvegas.com>, <themandalaybaycasino.com>, <themandalaybayhotel.com>, <themandalaybaylasvegas.com>, <themgmgrandhotels.com>, <themgmgrandlasvegas.com>, <themgmmiragehotels.com> Internet domain names ("the Infringing Domain Names") with Go Daddy Software, Inc., a registrar for domain names. These domain names contain Plaintiffs' famous BELLAGIO, MANDALAY BAY, MGM GRAND, MGM MIRAGE, and THEHOTEL trademarks coupled with the descriptive words "resort," "hotel," or "casino," which describes the very services offered by Plaintiffs' trademarks or the descriptive phrase "Las Vegas," which is the very location of Plaintiffs.

25. At some point after registration, Defendant linked the infringing domain name <thebellagioresort.com> to an online travel site. The Defendant's travel site operated under an exact replica of Plaintiff Bellagio, LLC's registered BELLAGIO trademark next to a color photograph of Plaintiff Bellagio, LLC's hotel and resort in Las Vegas, Nevada. A true and accurate copy of the previous home page for <thebellagioresort.com> is attached hereto as **Exhibit 8** and is incorporated by reference.

/ / /

COMPLAINT

26. At the current time, Defendant has all infringing domain names parked at Go Daddy Software, Inc. Each of these inactive sites contain links directing consumers to different Las Vegas resorts and travel service websites. True and accurate copies of the home pages for each domain name are attached hereto as **Exhibits 9 - 16** and are incorporated by reference.

27. By registering and/or using domain names containing Plaintiffs' trademarks, Defendant was and is attempting to trade on the goodwill of all named Plaintiffs.

28. By registering and/or using domain names containing Plaintiffs' trademarks, Defendant was and is attempting to create an association between the Infringing Domain Names and the Plaintiffs' famous trademarks.

29. Plaintiffs' marks at issue in this case were distinctive at the time Defendant registered the Infringing Domain Names.

30. Upon information and belief, Defendant registered all of the Infringing Domain Names at or about the same time.

31. By registering multiple infringing domain names, Defendant demonstrated a pattern of bad faith conduct under the Anticybersquatting Consumer Protection Act (ACPA) §3002.

32. Upon information and belief, the Defendant registered the Infringing Domain Names with the bad faith intent to profit from Plaintiffs' marks.

33. Upon information and belief, the Defendant has no trademark or other intellectual property rights in any of the Infringing Domain Names.

34. Upon information and belief, the Defendant had no prior use of the Infringing Domain Names in connection with the bona fide offering of any goods or services.

35. Upon information and belief, the Defendant intended to divert customers from each Plaintiffs' web site to a site accessible under the domain names in a manner that could harm the goodwill represented by Plaintiffs' marks.

36. Plaintiffs' marks incorporated in Defendant's Infringing Domain Names are distinctive and famous.

6.

COMPLAINT

37. Upon information and belief, the Defendant did not believe or have reasonable grounds to believe that the use of the Infringing Domain Names was fair use or otherwise lawful.

38. On or about June 10, 2005, Defendant received a letter from Lou Ragg, Director of Internet Operations for Plaintiff MGM MIRAGE, in an attempt to resolve the Infringing Domain Names issue amicably and without unnecessary legal action. Defendant failed to respond to this letter.

**FIRST CLAIM FOR RELIEF**
(Cybersquatting under the
Lanham Act, 15 U.S.C. § 1125(d))

39. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

40. Defendant has registered, trafficked in, and/or used domain names that are identical or confusingly similar to and/or dilutive of Plaintiffs' trademarks, which were distinctive and/or famous at the time of registration of the Infringing Domain Names.

41. Upon information and belief, Defendant has or had a bad-faith intent to profit from Plaintiffs' trademarks.

42. As a direct and proximate result of such conduct, Plaintiffs have suffered, and will continue to suffer, monetary loss and irreparable injury to their businesses, reputations, and goodwill.

**SECOND CLAIM FOR RELIEF**
(Trademark Infringement under
the Lanham Act, 15 U.S.C. § 1114)

43. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

44. Defendant used in commerce the domain name <thebellagioresort.com>, which contained Plaintiff Bellagio, LLC's trademarks, and thus, was confusingly similar to Plaintiff's names and trademarks.

45. Defendant's use in commerce of marks confusingly similar to Plaintiff Bellagio LLC's trademarks for Defendant's services, and Defendant's use of the Internet domain

7.

COMPLAINT

name <thebellagioresort.com> and the associated travel website constituted a reproduction, copying, counterfeiting, and colorable imitation of Plaintiff's trademarks in a manner that was likely to cause confusion or mistake or was likely to deceive consumers.

46. By using Plaintiff Bellagio, LLC's marks and/or marks confusingly similar to Plaintiffs' trademarks with the knowledge that Plaintiff owned and has used, and continues to use, its trademarks in Las Vegas, across the United States, and around the world, Defendant has intended to cause confusion, cause mistake, or deceive consumers.

47. Defendant used marks identical and/or confusingly similar to Plaintiff Bellagio, LLC's trademarks in connection with the sale, offering for sale or advertising of services in a manner that was likely to cause confusion, or to cause mistake, or to deceive consumers as to affiliation, connection, or association with Plaintiff or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff.

48. Defendant's use of Plaintiff Bellagio, LLC's marks and/or marks confusingly similar to Plaintiff Bellagio, LLC's trademarks created a likelihood of confusion among consumers who may have falsely believed Defendant's business or web site was associated with Plaintiff's resorts, hotels, and casinos or that Plaintiff sponsored or approved of Defendant's services or commercial activities.

49. As a direct and proximate result of Defendant's infringement, Plaintiff Bellagio LLC has suffered, and will continue to suffer, monetary loss and irreparable injury to its business, reputation, and goodwill.

**THIRD CLAIM FOR RELIEF**
(Unfair Competition under the
Lanham Act, 15 U.S.C. § 1125(a))

50. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

51. Defendant's use in commerce of marks identical and/or confusingly similar to Plaintiff Bellagio's BELLAGIO trademarks in connection with Defendant's services, web sites, and Internet domain names, constitutes a false designation of origin and/or a false or misleading description or representation of fact, which likely caused confusion, caused

8.

mistake, or deceived as to affiliation, connection, or association with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's services or commercial activities by Plaintiff.

52. Defendant's use in commerce of Plaintiff's marks and/or marks confusingly similar to Plaintiff's trademarks with the knowledge that Plaintiff owned and has used its trademarks constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about Defendant's services and commercial activities.

53. As a direct and proximate result of such unfair competition, Plaintiffs has suffered monetary loss and irreparable injury to its business, reputation, and goodwill.

**FOURTH CLAIM FOR RELIEF**
(Common Law Trademark Infringement)

54. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

55. By virtue of having used and continuing to use its trademarks, Plaintiff Bellagio, LLC has acquired common law rights in those marks.

56. Defendant's use of marks identical and/or confusingly similar to Plaintiff's trademarks infringes Plaintiff's common law rights in its trademarks, and this use has caused confusion, mistake, or deception among consumers, who likely believed Defendant's services, web site and/or Internet domain name originated from, or was affiliated with, or endorsed by Plaintiff when, in fact, it was not.

57. As a direct and proximate result of Defendant's infringement of Plaintiffs' common law trademark rights under Nevada and other common law, Plaintiff has suffered monetary damages and irreparable injury to its business, reputation, and goodwill.

**FIFTH CLAIM FOR RELIEF**
(Deceptive Trade Practices
under N.R.S. § 598.0915)

58. Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set forth herein.

59. Upon information and belief, in the course of conducting his business, Defendant knowingly made false representations as to affiliation, connection and/or

9.

COMPLAINT

1  association with Plaintiff Bellagio, LLC by using marks confusingly similar to Plaintiff's
2  trademarks and otherwise engaged in deceptive trade practices.

3      60.   As the direct and proximate result of Defendant's conduct, Plaintiff has
4  suffered monetary damages and irreparable injury to its business, reputation, and goodwill.

**SIXTH CLAIM FOR RELIEF**
(Intentional Interference with
Prospective Economic Advantage)

7      61.   Plaintiffs incorporate the allegations in the preceding paragraphs as if fully set
8  forth herein.

9      62.   Upon information and belief, at the time Defendant adopted and began using
10  Plaintiff Bellagio, LLC's names and marks and since that time, Defendant knew and has
11  known that Plaintiff is in the business of providing resort hotel, casino, and travel services.

12      63.   Upon information and belief, Defendant committed acts intended or designed
13  to disrupt Plaintiff's prospective economic advantage arising from advertising and/or
14  providing these services.

15      64.   Defendant's actions disrupted Plaintiff's business by, among other things,
16  diverting web users away from Plaintiff's web sites.

17      65.   Defendant has no legal right, privilege or justification for his conduct.

18      66.   As a direct and proximate result of Defendant's intentional interference with
19  Plaintiff's prospective economic advantage, Plaintiff has suffered monetary damages and
20  irreparable injury.

21      67.   Based on the intentional, willful and malicious nature of Defendant's actions,
22  Plaintiff is entitled to recover exemplary damages and reasonable attorneys' fees and costs
23  incurred in connection with this action.

**PRAYER FOR RELIEF**

25  WHEREFORE, Plaintiffs respectfully pray that the Court grant the following relief:
26      A.   A preliminary and permanent injunction prohibiting Defendant, his respective
27  officers, agents, servants, employees and/or all persons acting in concert or participation
28  with them, or any of them, from: (1) using Plaintiffs' trademarks or confusingly similar

COMPLAINT

variations thereof, alone or in combination with any other letters, words, letter strings, phrases or designs, in commerce or in connection with any business or for any other purpose (including, but not limited to, on web sites and in domain names); and (2) registering, owning, leasing, selling, or trafficking in any domain names containing Plaintiffs' trademarks or confusingly similar variations thereof, alone or in combination with any other letters, words, phrases or designs;

    B.    A preliminary and permanent injunction requiring the current domain name registrar to transfer the <thebellagioresort.com>, <mgmmiragehotels.com>, <thehotellasvegas.com>, <themandalaybaycasino.com>, <themandalaybayhotel.com>, <themandalaybaylasvegas.com>, <themgmgrandhotels.com>, <themgmgrandlasvegas.com>, and <themgmmiragehotels.com>, domain names to each appropriate Plaintiff;

    C.    An award of compensatory, consequential, statutory, and punitive damages to Plaintiffs in an amount to be determined at trial;

    D.    An award of interest, costs and attorneys' fees incurred by Plaintiffs in prosecuting this action; and

    E.    All other relief to which Plaintiffs are entitled.

DATED: January 13, 2006.

GREENBERG TRAURIG, LLP

_____
Mark G. Tratos (Bar No. 1086)
Ronald D. Green Jr. (Bar No. 7360)
Andrew D. Sedlock (Bar No. 9183)
Tyler R. Andrews (Bar No. 9499)
3773 Howard Hughes Parkway, Suite 500 North
Las Vegas, Nevada 89109
Counsel for Plaintiff

Greenberg Traurig, LLP
Suite 500 North, 3773 Howard Hughes Parkway
Las Vegas, Nevada 89109
(702) 792-3773
(702) 792-9002 (fax)

# EXHIBIT 1



EXHIBIT 2



# EXHIBIT 3



# EXHIBIT 4



# EXHIBIT 5